## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVIS IGLESIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-0513 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| MS. KOIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER[1]

For the following reasons, the Court will dismiss this case with prejudice for failure to prosecute.

### I.    Relevant Background

Plaintiff Davis Iglesias ("Iglesias") initiated this pro se civil rights action in April 2024. At that time, he was incarcerated at State Correctional Institution ("SCI") Greene. The only remaining claims in this action are First Amendment retaliation and state-law negligence against Defendant Ms. Kois ("Kois").[2]

Following the resolution of Defendants' prior motion to dismiss, the Court issued a Case Management Order ("CMO") on February 25, 2025, setting various discovery and pretrial deadlines. Relevant here, the CMO states that summary judgment motions were due July 28, 2025,

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct these proceedings. The undersigned therefore has authority to decide dispositive motions and enter final judgment.

[2]    The Complaint initially asserted claims under the First, Eighth, and Fourteenth Amendments, state-law negligence and IIED against Kois, Superintendent Michael Zaken, and S. Longstreth. All claims against Zaken and Longstreth were dismissed with prejudice and they were terminated as defendants. *See* ECF No. 46.

and responses to summary judgment motions were due September 11, 2025. (ECF No. 49 at 2.) The Court mailed Iglesias a copy of the CMO.

Iglesias subsequently filed multiple motions seeking relief in the form of appointment of counsel (ECF Nos. 51, 68), entry of default or default judgment against Kois (ECF Nos. 55, 58, 63, 64), and leave to amend the relief sought in his Complaint[3] (ECF No. 70). The Court ruled on these motions (ECF Nos. 52, 56, 60, 69, 71) and issued additional orders relating to the production of discovery materials (ECF Nos. 57, 65).

In accordance with the deadlines established in the CMO, Kois moved for summary judgment on July 28, 2025. (ECF No. 74.) In her brief, Kois noted that Iglesias' prison sentence had been completed and that he had been released from SCI Greene on July 20, 2025. (ECF No. 76 at n.1.) Per the February 25, 2025 CMO, responses to summary judgment were due September 11, 2025. (ECF No. 49.) Iglesias did not file a response to the motion for summary judgment by the September 11, 2025 deadline, seek an extension, or otherwise communicate with the Court.

On October 8, 2025, the Court ordered Iglesias to file a response no later than October 29, 2025. He was advised that "failure to respond by this deadline will be interpreted as his decision not to continue with the prosecution of this case." (ECF No. 79.) A copy of the Order mailed to Iglesias at SCI Greene was returned to the Court marked "Sentence Completed RTS." No alternate forwarding address was provided.

Iglesias' last communication with the Court occurred on June 24, 2025. (ECF No. 70.) To the best of the Court's knowledge, he is not presently incarcerated.[4] Both the Standing Practice

---

[3]  The Court denied Iglesias' motion by Order dated June 25, 2025, stating, among other things: "Per the Court's February 25, 2025 Case Management Order (ECF No. 49), discovery is now closed and motions for summary judgment are due in approximately one month." (ECF No. 71.)

[4]  Iglesias does not appear on the PADOC Inmate Locator as of January 16, 2026.

Order (ECF No. 12) and the Order Directing Service by the U.S. Marshal (ECF No. 13) advised that the plaintiff has a continuing obligation to notify the Court in writing of any change of address and to provide a current address at all times throughout this litigation. To date, Iglesias has not provided an updated address, leaving the Court with no means of contacting him at this time.

## II.  <u>Analysis</u>

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit set forth six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a district judge should punitively dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No single *Poulis* factor is dispositive and not all six need to favor dismissing for the dismissal to be warranted. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). The court's analysis must be done in the light of "strong policy favoring decisions on the merits" and with the understanding that dismissal with prejudice should be employed only as a "last, not first, resort." *Id.*

3

The first and third *Poulis* factors—the extent of Plaintiff's personal responsibility and his history of dilatoriness—each favor dismissal. Because Iglesias is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to Court orders. *See Briscoe*, 538 F.3d at 258-59 (affirming pro se plaintiff is personally responsible for complying with orders of the court); *Mack v. United States*, 2019 WL 1302626, at *2 (M.D. Pa. Mar. 21, 2019) (finding plaintiff's failure to comply with court orders and rules "established a history of dilatoriness"). Iglesias failed to notify the Court that he had been released from SCI Greene and failed to update his address. *See id.* ("[Plaintiff] has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules."). In fact, Iglesias' last communication to the Court was received more than six months ago.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). This factor heavily favors dismissal. Iglesias' response to the pending motion for summary judgment is now more than four months past due. His continued failure to comply with the deadlines established in the CMO, update his address, or otherwise communicate with the Court in any manner therefore "frustrates and delays resolution of this action" and "clearly prejudices [Kois] who seek[s] a timely resolution of the case." *Mack*, 2019 WL 1302626, at *1.

As to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Although the Court's most recent mailing was returned as undeliverable, nothing suggests that Iglesias had not received copies of the Court's prior orders. On the contrary,

between April 2024 and June 2025, Iglesias filed numerous motions, pleadings, and other filings. This suggests that he had been receiving correspondence from the Court until his release from SCI Greene. Iglesias therefore would have received a copy of both orders advising of his obligation to update his address of record. Thus, the fourth *Poulis* factor also weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted, 2019 WL 2410796 (W.D. Pa. July 7, 2019). This factor therefore heavily favors dismissal.

Finally, the Court must consider the potential merit of Iglesias' claims. A claim will be considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. Although some of Iglesias' claims survived the motion to dismiss stage, the Court has not ruled on Kois' pending motion for summary judgment. Without further inquiry and full evaluation, it is difficult to say whether Iglesias might ultimately prevail on any of his claims. Thus, the sixth factor does not weigh in favor of dismissal. But as stated above, none of the *Poulis* factors are dispositive and not all need to be met for a district court to find that dismissal is warranted.

Based on this analysis of the *Poulis* factors, the Court concludes that at least five of the six factors favor dismissal. While the Court is mindful of the Third Circuit's strong policy for decisions on the merits, such a resolution is impossible where a plaintiff declines to participate in his own lawsuit. The Court cannot properly control its docket, move this action forward, or properly protect the rights of all parties because Iglesias continues to disregard Court orders and

has not communicated with the Court in more than six months. Consequently, the Court concludes

that the extreme sanction of dismissal is supported by the *Poulis* factors and the record at hand.

**III.** <u>**Conclusion**</u>

For these reasons, IT IS ORDERED that this action is dismissed with prejudice based on

Plaintiff Davis Iglesias' failure to prosecute.


SO ORDERED this 20th day of January, 2026:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

6